IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **JIM EVERLEY**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**FORESIGHT ENERGY LLC,**<br><br>Defendant. | Case No.<br><br>Judge<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff Jim Everley ("Plaintiff"), on behalf of himself and all others similarly situated, for his Complaint against Defendant Foresight Energy LLC ("Defendant"), states and alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly situated" persons who may join this case pursuant to §216(b) (the "Opt-Ins").

3. Plaintiff also brings this claim as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the IMWL on behalf of other similarly situated employees employed by Defendant in Illinois.

**JURISDICTION AND VENUE**

4.  This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.  Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

6.  The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

**PARTIES**

7.  Plaintiff is an adult individual residing in Taylorville, Illinois.

8.  Defendant is a Delaware company with its principal place of business located in St. Louis, Missouri. Defendant owns and/or operates several mines throughout Illinois, including, without limitation, the Deer Run Mine in Hillsboro, Illinois; the Shay #1 Mine in Gillespie, Illinois; the MC #1 Mine in Thompsonville, Illinois; the Viking Mine in Macedonia, Illinois; and the Mach #1 Mine in Marion, Illinois.

9.  Within the three years preceding the filing of this Action, Plaintiff was employed by Defendant as a non-exempt hourly employee.

10. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and IMWA 820 ILCS §105/3.

11. At all relevant times, Defendant was an employer and/or joint employer of Plaintiff and others similarly situated within the meaning of 29 U.S.C. § 203(d) and IMWA 820 ILCS §105/3, and applicable regulations and case law.

12. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14. Plaintiff's written Consent to Join this Action is attached hereto as **Exhibit A**.

## FACTUAL ALLEGATIONS

15. Defendant employs miners, including Plaintiff and those similarly situated to Plaintiff, to work in its mines in Illinois. Defendant's miners are hourly employees who are not exempt from the overtime requirements of the FLSA and IMWA.

16. As miners, Plaintiff and others similarly situated are required to don and doff safety clothing and other protective equipment, and obtain and return equipment necessary for them to perform their primary job duties, such as an oxygen respirator, work belt and tools, prox stopper, radio, and locator.

17. Plaintiff and others similarly situated were required to put on safety clothing and other protective equipment prior to the start of their scheduled shift. Plaintiff and others similarly situated also had to check out tools and equipment, such as a prox stopper, lamp, radio, locator, and other similar equipment necessary for them to perform their primary job duties. These items were checked out before the scheduled shift start time.

18. After their scheduled shift, Plaintiff and those similarly situated would change out of their safety and protective equipment, and return their tools and equipment. This was all performed after the scheduled shift end time.

19. Plaintiff and others similarly situated were not paid for the time they spent donning and doffing safety clothing and equipment, nor were they paid for the time they spent obtaining and returning their tools and other equipment.

20. Donning and doffing of the safety clothing and other protective equipment, and obtaining and returning the tools and equipment is integral and indispensable to the work performed by Defendant's non-exempt hourly mining employees.

21. For example, because Plaintiff and those similarly situated performed work underground, an oxygen respirator and radio was needed. Likewise, Plaintiff's work could not be performed without the tools that he gathered at the beginning of the day and dropped off at the end of the day. And given the dangerous conditions inherent in underground mining the safety clothing and equipment, radio, locator, and prox stopper were essential.

22. Because the donning and doffing of the safety clothing and other protective equipment and obtaining and returning tools and equipment is integral and indispensable to the work performed by Defendant's employees who are involved in underground mining, the time spent donning and doffing of safety clothing and other protective equipment and obtaining and returning the tools and equipment is compensable work time within the meaning of the FLSA and IMWL.

23. The donning of the safety clothing and other protective equipment and obtaining tools and equipment was the first principal activity of the day performed by Plaintiff and others similarly situated.

24. The doffing of the safety clothing and other protective equipment and returning tools and equipment was the last principal activity of the day performed by Plaintiff and others similarly situated.

25. Plaintiff and other similarly situated employees who are involved in underground mining cannot perform their work unless they are wearing safety clothing and other protective equipment and obtain and return necessary tools and equipment.

26. The donning and doffing of safety clothing and other protective equipment and obtaining and returning tools and equipment by Plaintiff and other similarly situated employees is a component of the work they are hired to do.

27. The donning and doffing of safety clothing and other protective equipment and obtaining and returning tools and equipment by Plaintiff and other similarly situated employees is an intrinsic element of their activities and one in which they cannot dispense if they are to perform their principal activities.

28. Plaintiff and other similarly situated employees, as full-time employees, regularly worked 40 or more hours in a workweek in the three years preceding the filing of this Action, including time spent donning and doffing safety clothing and other protective equipment and obtaining and returning tools and equipment, as well as associated travel.

29. As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked in excess of forty (40) each workweek.

30. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

31. The amount of time Plaintiff and other similarly situated employees spent performing unpaid work was approximately ten to fifteen minutes or more each day. This resulted in approximately 50 minutes to 1 hour and 25 minutes or more of unpaid overtime per class member, per week.

## **COLLECTIVE ACTION ALLEGATIONS**

32. Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

33. The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> **All current and former hourly employees of any mine owned or operated by Foresight Energy LLC in Illinois engaged in underground mining at any time during the three (3) years preceding the date of the filing of this Action to the present and worked more than forty (40) hours in at least one workweek**.

34. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

35. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## ILLINOIS CLASS ACTION ALLEGATIONS

36. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all a class of persons employed by Defendant in Illinois within the last three years ("Illinois Class") defined as:

> **All current and former hourly employees of any mine owned or operated by Foresight Energy LLC in Illinois engaged in underground mining at any time during the three (3) years preceding the date of the filing of this Action to the present and worked more than forty (40) hours in at least one workweek**.

37. The class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Illinois Class but, upon information and belief, avers that it consists of in excess of 100 people.

38. There are questions of law or fact common to the Illinois Class including whether Defendant failed to pay its employees for all earned overtime.

39. Plaintiff will adequately protect the interests of the Illinois Class. His interests are not antagonistic to but, rather, are in unison with, the interests of the Illinois Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and are fully qualified to prosecute the claims of the Illinois Class in this case.

40. The questions of law or fact that are common to the Illinois Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Illinois Class are common to the class and predominate over any questions affecting only individual class members.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Illinois Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and

demands on court resources. Many Illinois Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Plaintiff and other similarly situated employees were not paid for time spent donning and doffing safety clothing and other protective equipment, obtaining and returning tools and equipment they need to perform their job duties, as well as associated travel.

44. Plaintiff and other similarly situated employees regularly worked more than 40 hours per workweek for Defendant.

45. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for time spent donning and doffing safety clothing and other protective equipment, obtaining and returning tools and equipment they need to perform their job duties, as well as associated travel, resulted in Defendant's failure to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

46. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

47. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
**(Illinois Overtime Violations)**

48. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. Plaintiff and other similarly situated employees were not paid for time spent donning and doffing safety clothing and other protective equipment, obtaining and returning tools and equipment they need to perform their job duties, as well as associated travel.

50. Plaintiff and other similarly situated employees regularly worked more than 40 hours per workweek for Defendant.

51. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for time spent donning and doffing safety clothing and other protective equipment, obtaining and returning tools and equipment they need to perform their job duties, as well as associated travel, resulted in Defendant's failure to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the IMWL, 820 ILCS 105/1 *et seq*.

52. As a result of Defendant's practices, Plaintiff and other similarly situated Illinois Class employees have been damaged in that they have not received wages due to them pursuant to Illinois' wage and hour laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all persons similarly situated, prays that this Honorable Court:

     A.     Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

     B.     Certify this case as a class action under Fed. R. Civ. P. 23 as to the Illinois Class;

     C.     Enter judgment against Defendant and in favor of Plaintiff, the Opt-In Plaintiffs who join this case pursuant to the FLSA, and the Illinois Class pursuant to the IMWL;

     D.     Award Plaintiff and the putative class actual damages for unpaid wages;

     E.     Award liquidated damages to the maximum amount permitted by applicable law (100% under the FLSA and 200% under the IMWL);

     F.     Award Plaintiff and the Illinois Class statutory damages for overtime wage violations pursuant to the 5% interest penalties for IMWL violations;

     G.     Award Plaintiff and the putative class attorneys' fees, costs, and disbursements; and,

     H.     Award Plaintiff and the putative class further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (OH Bar #0084854)
1360 East 9th Street, Suite 808
Cleveland, Ohio  44114
Telephone:	330-470-4428
Facsimile:	330-754-1430
Email:		jmoyle@ohlaborlaw.com

Hans A. Nilges (OH Bar #0076017)
7034 Braucher Street, NW
Suite B
North Canton, Ohio  44720
Telephone:	330-470-4428
Facsimile:	330-754-1430
Email:		hans@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Jeffrey J. Moyle*

One of the Attorneys for Plaintiff