## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **JIM EVERLEY**, on behalf of himself and others similarly situated, | Case No. 3:23-cv-03265-CRL-KLM |
| Plaintiff, | Judge Colleen R. Lawless |
| vs. | Magistrate Judge Eric I. Long |
| **FORESIGHT ENERGY LLC,** | |
| Defendant. | |

### JOINT MOTION FOR FINAL APPROVAL
### OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT AND
### REQUEST TO HOLD FINAL APPROVAL HEARING BY TELEPHONE OR VIDEO

Representative Plaintiff Jim Evrley ("Representative Plaintiff"), on behalf of himself and the Class Members, and Defendant Foresight Energy LLC ("Defendant") respectfully move this Court to grant final approval of the Settlement Agreement reached in this case pursuant to Fed. R. Civ. P 23(e) ("Settlement").

Notice of the proposed settlement in this case has been sent to the Class and this settlement is ripe for final approval. The Parties respectfully request that the Final Approval Hearing scheduled for **June 3, 2025**, be conducted by phone or video conference, and that after the hearing, that the Court enter an Order:

1. Granting final approval of the Parties' Settlement Agreement ("Agreement") and the Total Settlement Amount of **$388,513.51.**

2. Granting final approval of a payment to Class Counsel of **$129,504.50** in attorney's fees (representing one-third (1/3) of the Total Settlement Amount) and **$3,253.27** in litigation expenses;

3. Granting final approval of a payment to the settlement administrator as provided in the Agreement;

4. Granting final approval of a Service Award to Representative Plaintiff in the amount of **$5,000.00**; and,

5.      Dismissing this case with prejudice.

A proposed Order and Judgment Entry is attached as **Exhibit 1**. The reasons for this Motion are as follows:

**MEMORANDUM IN SUPPORT**

I.    **RELEVANT PROCEDURAL HISTORY**

On August 31, 2023, Named Plaintiff, on behalf of himself and others similarly situated, filed this action in the United States District Court for the Central District of Illinois (ECF No. 1). Specifically, Representative Plaintiff alleged that Defendant did not pay its underground coal mining employees for certain pre-shift and post-shift work, including, but not limited to, donning and doffing safety clothing and other protective equipment and gathering and returning other work tools and equipment, which allegedly resulted in unpaid overtime. (ECF No. 1).

Defendant filed an Answer denying it employed these individuals and any wrongdoing. (ECF No. 8). On November 10, 2023, Defendant filed a Motion for Leave to File an Amended Answer and Affirmative Defenses, granted on December 4, 2023. (ECF Nos. 13 and 18). On December 4, 2023, Defendant filed its First Amended Answer and Affirmative Defenses. (ECF No. 18). Defendant continues to deny all material allegations asserted in the Action and has raised several affirmative defenses. On April 22, 2024, Representative Plaintiff filed his Motion for Conditional Certification and Court-Supervised Notice to Potential Opt-in Plaintiffs. (ECF No. 23). Attached to the motion were seven declarations from Representative Plaintiff and Current Opt-in Plaintiffs. (ECF No. 23-2). Thereafter, on July 16, 2024, this matter was stayed to enable the parties to attempt a settlement through mediation (ECF No. 31-2).

To avoid the burden, expense, risks and uncertainty of litigation, the Parties agreed to engage in good faith, arm's-length settlement discussions, including mediation. (*See e.g.*, ECF

2

Nos. 15, 21, 31; Agreement at ¶ 3). On August 5, 2024, the Parties engaged in private mediation with Mediator Frank Neuner. The terms of the Settlement are reflected in the Agreement. (Nilges Dec. at ¶ 9; Agreement at ¶ 6).

On October 29, 2024, the Court entered an Order granting preliminary approval of the Class Action Settlement pursuant to Civ. R. 23(e); approving the FLSA settlement (as the Rule 23 standards exceed those of the Fair Labor Standards Act of 1938), and conditionally certifying, for settlement purposes only, a Rule 23 class of the 406 current and former underground employees of affiliates of Foresight Energy LLC who were engaged in underground coal mining at the Deer Run Mine, Shay #1 Mine, MC #1 Mine, Viking Mine, and Mach #1 Mine during the period of August 31, 2020 to August 5, 2024, and who worked more than 40 hours in at least one workweek during that period, and which includes Named Plaintiff, Opt-in Plaintiffs, and the Rule 23 Class Members. The Court's Order of October 29th also approved the Notice of Settlement to class members, directed the Parties to mail the Notice in accordance with the Agreement, approved Analytics Consulting LLC as the Settlement Administrator; and scheduled a Final Approval Hearing for April 1, 2025. (ECF No. 35).

The Parties engaged Analytics Consulting LLC as the Settlement Administrator. (*See* Declaration of Jeff Mitchell attached as **Exhibit 2**). On or around November 12, 2024, the Settlement Administrator received a spreadsheet from defendant's counsel containing the names, mailing addresses, social security numbers, employment dates, and email addresses and cell phone numbers where applicable, for Class Members ("Class Data"). The Class Data identified additional Class Members, now totaling 834 unique Class Members. (*Id.* at ¶ 6).

On March 14, 2025, the Court entered an Amended Order Granting Preliminary Approval of Amended Class Action Settlement. (ECF No. 36). The amended order amended the number of class members to 834 and rescheduled the Fairness Hearing to June 3, 2025. (*Id.*).

On or around March 14, 2025, Analytics received a spreadsheet from defendant's counsel containing the names, mailing addresses, social security numbers, cell phone numbers, email addresses, and employment dates for Class Members ("Class Data"). The Class Data identified **830** unique Class Members. (Ex. 2 at ¶ 6). The Settlement Administrator imported the data to a project-specific database and processed the records through the US Postal Service's National Change of Address (NCOA) database to standardize and update the mailing addresses. (*Id.* at ¶ 7). On March 28, 2025, the Settlement Administrator mailed by first-class mail the Court-approved "Notice of Proposed Class Action and Fairness Hearing" ("Notice") to 829 Class Members with an address available in the Class Data.[1] Notice was also sent by email and text, where available. (*Id*. at ¶ 8).

Six (6) Notices were returned to Analytics by the U.S. Postal Service with a forwarding address. The Settlement Administrator updated the class list with the forwarding addresses and processed a re-mail of the Notice to the updated addresses. (*Id*. at ¶ 9).

Forty-six (46) Notices were returned to Analytics by the U.S. Postal Service without a forwarding address. Analytics conducted a skip trace in an attempt to ascertain a valid address for the affected Class Members. As a result of these efforts, 27 new addresses were identified for Class Members. Analytics subsequently updated the Class List with the new address and processed a re-mail of the Notice to each of the affected Class Members. (*Id*. at ¶ 10). The deadline to opt out of the Settlement was May 13, 2025. Analytics received one exclusion request, from Aidan

---

[1] One Class Member, Kevin Eichelberger, had no contact information available in the Class Data.

McFarland. (*Id.* at ¶ 11) and is unaware of any objections to the Settlement. (*Id.* at ¶ 12). Having completed the notice process, the Parties now move this Court for final approval of the Settlement of Class Action claims pursuant to Civ. R. 23(e).

## II.    LAW AND ANALYSIS

### A.    The Standard for Approval of a Class Action Settlement.

In the Parties' Joint Motion for Approval of FLSA Settlement and for Preliminary Approval of Class Action Settlement and Memorandum in Support, filed on October 24, 2024, the Parties analyzed the Settlement in this case under each of the relevant factors. (ECF No. 34 at Pages #3-18). The arguments set forth in the Motion for Preliminary Approval also apply here and demonstrate why the Settlement should be granted final approval.

In addition, the results of the notice process weigh strongly in favor of approval. Out of **830** notices that were mailed, only one person requested exclusion, and no class members objected to the Settlement, resulting in nearly 100% inclusion rate for the Settlement. This factor weighs strongly in favor of approval. *See, e.g., White v. Kroger Ltd. P'ship I*, No. 3:20-CV-1270-NJR, 2024 U.S. Dist. LEXIS 120477, at *4 (S.D. Ill. July 9, 2024) (holding that an exclusion rate of 0.02% supports settlement approval).

In sum, the Settlement confers substantial benefits on Class Members, eliminates any risk of loss should this case continue to be litigated, was negotiated on an arm's length basis, and is in the best interest of the Class. Accordingly, for the reasons addressed herein and in the Motion for Preliminary Approval, the Parties respectfully request that the Court grant final approval of this Settlement and enter the proposed Final Order and Judgment Entry attached as **Exhibit 1**.

### B.    The Court should approve the payment of attorneys' fees and costs to Class Counsel.

For the reasons set forth in the Joint Motion for Preliminary Approval, the Court should also grant final approval of the award of attorneys' fees to Class Counsel in the amount of **$129,504.50**, representing one-third of the settlement fund. Courts generally favor an award of fees from a common fund, as called for by the proposed settlement in this case. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, No. 16 CIV. 3571, 2017 U.S. Dist. LEXIS 73816, at \*9; 2016 WL 5109196, at \*4 (N.D. Ill. Sept. 16, 2016); *Young v. Rolling in the Dough, Inc.*, No. 1:17-CV-07825, 2020 WL 969616, at \*6; 2020 U.S. Dist. LEXIS 35941, at \*15-16 (N.D. Ill. Feb. 27, 2020)(awarding the requested 1/3 of the common fund in IWPCA case, as well as $17,035 in litigation and settlement administration costs), citing *Zolkos v. Scriptfleet, Inc.*, 2015 WL 4275540, \*3, 2015 U.S. Dist. LEXIS 91699, at \*7 (N.D. Ill. July 13, 2015) (approving 1/3 of total common fund); *In re Union Carbide Corp. Consumer Products Business Securities Litigation*, 724 F. Supp. 160, 168 (S.D.N.Y. 1989)("Contingent fee arrangements implicitly recognize the risk factor in litigation and that the winning cases must help pay for the losing ones if a lawyer who represents impecunious plaintiffs, or those plaintiffs not so fully committed as to put their own money where their mouth is, will remain solvent and available to serve the public interest."). See also *McLaughlin v. Botting Group, LLC*, Case No. 2017 CV 12094 (Tuscarawas County, Ohio Court of Common Pleas) (awarded a one-third fee in $5,935,000.00 settlement); *Roberts v. Railworks*, Case No. 50-2016-CA-002028 (Circuit Court of the Fifteenth Circuit for Palm Beach County, Florida) (awarded a one-third fee in $4,950,000.00 settlement); *Langston v. U.S. Security Associates*, Case No. 5:18-cv-00868 (W.D. Okla.) (awarded a one-third fee in $4,250,000.00 settlement); *Raiser v. Menard, Inc.*, Case No. 3:18-cv-00314 (N.D. Ohio) (awarded a one-third fee in $4,000,000.00 settlement); *Fullerton v. Golden Flake Snack Foods, Inc.*, Case No. 3:17-cv-00296 (N.D. Fla) (awarded a one-third fee in $1,750,000.00

settlement); *Jurden v. Utz Quality Foods, Inc.*, Case No. 1:15-cv-02196 (M.D. Pa.) (awarded a one-third fee in $2,500,000.00 settlement); *Kizeart*, 2024 U.S. Dist. LEXIS 134724, at * 5; *Turnham v. Nationwide Inbound, Inc.*, No. 3:23-cv-50014, 2024 U.S. Dist. LEXIS 46790 (N.D. Ill. Mar. 14, 2024); and *Bradley v. Menard, Inc.*, Case No. 2:17-cv-00165 (S.D. Ind.) (awarded a one-third fee in $1,500,000.00 settlement).

Class Counsel also requests that the Court approve reimbursement of **$3,253.27** in litigation expenses, as these were incurred in the prosecution of claims and in obtaining settlement, and for the payment of settlement administration costs, as provided in the Agreement.

### C.  The Court Should Approve the Service Award for Representative Plaintiff

Finally, the Parties request that the Court approve a payment of **$5,000.00** to Representative Plaintiff. As outlined in their Joint Motion for Preliminary Approval, "plaintiffs in class and collective actions play a crucial role in bringing justice to those who would otherwise be hidden from judicial scrutiny." ECF No. 34 at Pages #16 & 17, *citing Furman v. At Home Stores, LLC*, No. 1:16-CV-08190, 2017 U.S. Dist. LEXIS 73816, at *5 (N.D. Ill, May 1, 2017); *Koszyk*, 2016 WL 5109196, at *2; 2016 U.S. Dist. LEXIS 126893, at *4 (N.D. Ill. Sept. 16, 2016), citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) ("Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it necessary to induce an individual to participate in the suit.").

### D.  The Parties respectfully request that the Final Approval Hearing be conducted by phone of video conference.

The Court's preliminary approval order and the notice sent to class members both indicated the Final Approval Hearing could be converted to telephone or video without notice to the class. (*See* ECF Nos. 34-1 at 25; ECF No. 35 at 4, ¶ 18). As outlined in the Settlement Administrator's attached declaration, there have been only one request for exclusion and no objections to settlement

approval. **Ex. 2** at ¶¶ 11-12. Accordingly, the Parties respectfully request that the Court conduct the Final Approval hearing by either phone or video conference, with the primary reason of conserving resources of all Parties and the Court.

## III.    CONCLUSION

For the foregoing reasons, the Parties respectfully request that this Court enter the Proposed Order, attached as **Exhibit 1**:

1. Granting final approval of the Parties' Settlement Agreement ("Agreement") and the Total Settlement Amount of **$388,513.51.**

2. Granting final approval of a payment to Class Counsel of **$129,504.50** in attorney's fees (representing one-third (1/3) of the Total Settlement Amount) and **$3,253.27** in litigation expenses;

3. Granting final approval of a payment to the settlement administrator as provided in the Agreement;

4. Granting final approval of a Service Award to Representative Plaintiff in the amount of **$5,000.00**; and,

5. Dismissing this case with prejudice.

Respectfully submitted,

/s/ Hans A. Nilges
Hans A. Nilges (OH 0076017)
Shannon M. Draher (OH 74304)
**NILGES DRAHER LLC**
7034 Braucher Street, NW, Suite B
North Canton, OH 44720
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: hans@ohlaborlaw.com
          sdraher@ohlaborlaw.com

*Class Counsel*

/s/ Jeffrey R. Baron (with permission)
Jeffrey R. Baron (IL 6277085)
**BAILEY & GLASSER, LLP**
34 N. Gore Ave., Suite 102
Webster Groves, MO
Telephone: 314-863-5446
Facsimile: 304-342-1110
Email: jbaron@baileyglasser.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2025, the foregoing was filed electronically. Notice of this filing will be sent to the following individuals by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Hans A. Nilges
*Class Counsel*