IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JIM EVRLEY, on behalf of himself And others similarly situated, Plaintiff, | ) ) ) ) | |
| v. | ) ) | Case No. 23-cv-3265 |
| FORESIGHT ENERGY LLC, Defendant. | ) ) ) | |

### ORDER

Representative Plaintiff Jim Evrley ("Representative Plaintiff"), on behalf of himself and the Class Members, and Defendant Foresight Energy LLC ("Defendant") have moved the Court, pursuant to Fed. R. Civ. P 23(e), for entry of an Order as follows:

1. Granting final approval of the Parties' Settlement Agreement ("Agreement") and the Total Settlement Amount of $388,513.51.

2. Granting final approval of a payment to Class Counsel of $129,504.50 in attorney's fees (representing one-third (1/3) of the Total Settlement Amount) and $3,253.27 in litigation expenses;

3. Granting final approval of a payment to the settlement administrator as provided in the Agreement;

4. Granting final approval of a Service Award to Representative Plaintiff in the amount of $5,000.00; and,

5. Dismissing the case with prejudice.

Having reviewed the Agreement (Doc. 38), as well as the Parties' Joint Motion for Preliminary Approval of Class Action Settlement ("Preliminary Motion") (Doc. 34), the declarations on file, including that of the settlement administrator, and the pleadings and papers on file in this Action, and for good cause established therein, the Court hereby enters this Order granting final approval of the Rule 23 Class Action Settlement, as follows:

1. Unless otherwise defined, all terms used in this Order have the same meanings as defined in the Agreement.

2. On August 31, 2023, Representative Plaintiff, on behalf of himself and others similarly situated, filed this action in the United States District Court for the Central District of Illinois (Doc. 1). Specifically, Representative Plaintiff alleged that Defendant did not pay its underground coal mining employees for certain pre-shift and post-shift work, including, but not limited to, donning and doffing safety clothing and other protective equipment and gathering and returning other work tools and equipment, which allegedly resulted in unpaid overtime. (*Id.*).

3. Defendant filed an Answer denying it employed these individuals and any wrongdoing. (Doc. 8). On November 10, 2023, Defendant filed a Motion for Leave to File an Amended Answer and Affirmative Defenses, granted on December 4, 2023. (Docs. 13, 18). On December 4, 2023, Defendant filed its First Amended Answer and Affirmative Defenses. (Doc. 18). Defendant continues to deny all material allegations asserted in the Action and has raised several affirmative defenses. On April 22, 2024, Representative Plaintiff filed his Motion for Conditional Certification and Court-Supervised Notice to

Potential Opt-in Plaintiffs. (Doc. 23). Attached to the motion were seven declarations from Representative Plaintiff and Current Opt-in Plaintiffs. (Doc. 23-2). Thereafter, on July 16, 2024, this matter was stayed to enable the parties to attempt a settlement through mediation (Doc. 31-2).

4. To avoid the burden, expense, risks and uncertainty of litigation, the Parties agreed to engage in good faith, arm's-length settlement discussions, including mediation. (See e.g., Docs. 15, 21, 31; Agreement at ¶3). On August 5, 2024, the Parties engaged in private mediation with Mediator Frank Neuner. The terms of the Settlement are reflected in the Agreement. (Dec. of Nilges at ¶ 9; Agreement at ¶6).

5. On October 29, 2024, the Court entered an Order granting preliminary approval of the Class Action Settlement pursuant to Civ. R. 23(e); approving the FLSA settlement (as the Rule 23 standards exceed those of the Fair Labor Standards Act of 1938), and conditionally certifying, for settlement purposes only, a Rule 23 class of the 406 current and former underground employees of affiliates of Foresight Energy LLC who were engaged in underground coal mining at the Deer Run Mine, Shay #1 Mine, MC #1 Mine, Viking Mine, and Mach #1 Mine during the period of August 31, 2020 to August 5, 2024, and who worked more than 40 hours in at least one workweek during that period, and which includes Named Plaintiff, Opt-in Plaintiffs, and the Rule 23 Class Members. The Court's Order of October 29th also approved the Notice of Settlement to class members, directed the Parties to mail the Notice in accordance with the Agreement, approved Analytics Consulting LLC as the Settlement Administrator; and scheduled a Final Approval Hearing for April 1, 2025. (Doc. 35).

6. The Parties engaged Analytics Consulting LLC as the Settlement Administrator. (See Dec. of Jeff Mitchell). On or around November 12, 2024, the Settlement Administrator received a spreadsheet from defendant's counsel containing the names, mailing addresses, social security numbers, employment dates, and email addresses and cell phone numbers where applicable, for Class Members ("Class Data"). The Class Data identified additional Class Members, now totaling 834 unique Class Members. (*Id.* at ¶ 6).

7. On March 14, 2025, the Court entered an Amended Order Granting Preliminary Approval of Class Action Settlement. The amended order amended the number of class members to 834 and rescheduled the Fairness Hearing to June 3, 2025. (Doc. 37).

8. On or around March 14, 2025, Analytics received a spreadsheet from defendant's counsel containing the names, mailing addresses, social security numbers, cell phone numbers, email addresses, and employment dates for Class Members ("Class Data"). The Class Data identified 830 unique Class Members. (Dec. of Mitchell at ¶ 6). The Settlement Administrator imported the data to a project-specific database and processed the records through the US Postal Service's National Change of Address (NCOA) database to standardize and update the mailing addresses. (*Id.* at ¶ 7). On March 28, 2025, Analytics, the Settlement Administrator, mailed by first-class mail the Court-approved "Notice of Proposed Class Action and Fairness Hearing" ("Notice") to the Class Members. Notice was also sent by email and text, where available. (*Id.* at ¶ 8). (A copy of the Notice template is attached to the Declaration of Jeff Mitchell as Exhibit A).

4

9. Six (6) Notices were returned to Analytics by the U.S. Postal Service with a forwarding address. The Settlement Administrator updated the class list with the forwarding addresses and processed a re-mail of the Notice to the updated addresses. (*Id.* at ¶ 10).

10. Forty-six (46) Notices were returned to Analytics by the U.S. Postal Service without a forwarding address. Analytics conducted a skip trace in an attempt to ascertain a valid address for the affected Class Members. As a result of these efforts, 27 new addresses were identified for Class Members. Analytics subsequently updated the Class List with the new address and processed a re-mail of the Notice to each of the affected Class Members. (*Id.* at ¶ 10). The deadline to opt out of the Settlement was May 13, 2025. Analytics received one exclusion request from Aidan McFarland. (*Id.* at ¶ 11) and is unaware of any objections to the Settlement. (*Id.* at ¶ 12). Having completed the notice process, the Parties now move this Court for final approval of the Settlement of Class Action claims pursuant to Civ. R. 23(e).

11. The Court finds that the members of the Class were given adequate notice of the pendency of this action, the proposed settlement, and the date of the fairness hearing as ordered by the Court. The Court further finds that the notice was reasonable and the best notice practicable and satisfied the requirements of Rule 23 and due process.

12. The Court finds that the proposed settlement satisfies the standard for final approval of a class action settlement under Rule 23(e). The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority.

Representative Plaintiff is an adequate representative of the Class and possesses the same interests and suffered the same alleged injuries as the other Class members. The Class encompasses persons with like factual circumstances and like claims. The settlement payments made available to the members of the Class are commensurate with their alleged claims. The Court finds that the proposed settlement is fair, reasonable, and adequate as to the Class, and qualifies for final approval under Rule 23(e).

13. The Court approves the Agreement and orders that it be implemented according to its terms and conditions.

14. The Court therefore orders that the Total Settlement Amount in the amount of $388,513.51 be paid by Defendant and distributed in the manner described in the Agreement.

15. The Court approves the Service Award to Representative Plaintiff in the amount of $5,000.00, and orders that it be paid in the manner, and upon the terms and conditions, set forth in the Agreement.

16. The Court approves the payment of attorneys' fees of $129,504.50 (representing one-third (1/3) of the Total Settlement Amount) and $3,253.27 in litigation expenses, and orders that such payments be made in the manner, and upon the terms and conditions set forth in the Agreement.

17. The Court approves the payment to the settlement administrator as provided in the Agreement.

18. Representative Plaintiff and the Class Members release claims against Defendant as provided in the Agreement.

19. The Court dismisses this action with prejudice.

20. The Parties are to bear their respective attorneys' fees and costs except as provided in the Agreement.

21. The Court retains jurisdiction over this Action to enforce the Agreement.

22. There being no just reason to delay entry of this Final Order, the Court orders the Clerk of the Court to enter this Final Order immediately, along with Entry of Judgment thereon.

ENTER: June 3, 2025

/s/ Colleen R. Lawless
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE
